# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Hezekiah Esau Baker,<br><br>Plaintiff,<br><br>v.<br><br>State of Nevada Office of Attorney General,<br><br>Defendant. | Case No. 2:22-cv-01172-RFB-DJA<br><br>**Order** |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint attempts to sue an immune defendant, it dismisses his complaint with leave to amend.

**I.   *In Forma Pauperis* Application**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.   Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the


Case 2:22-cv-01172-RFB-DJA   Document 3   Filed 09/06/22   Page 2 of 4

complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### A.     The Court dismisses Plaintiff's complaint without prejudice.

Plaintiff alleges that the Defendant, the Nevada Attorney General's office, harmed him because it did not direct him to "projects and programs to protect Nevadans from fraud or illegal activities that target consumers…" (ECF No. 1-1 at 2).  On October 7, 2020, Plaintiff submitted a complaint about West Star Credit Union to the AG's Office. (*Id.* at 3).  The AG's Office responded with a letter explaining that Plaintiff could submit his complaint to the Federal Bureau of Investigation, Nevada State Police, or Las Vegas Metropolitan Police Department. (*Id.*).  A few months later, the AG' Office sent Plaintiff another letter explaining that the AG's Office had been slow to respond to Plaintiff's complaint because of the unprecedented number of complaints it had been receiving and did not have jurisdiction to help Plaintiff. (*Id.* at 4).  It explained that "[o]ur office acts as legal counsel for state agencies and therefore cannot act as a private attorney to individual residents…[and it] cannot give legal advice, opinions or interpretation of law to individuals." (*Id.* at 10).  The AG's Office letter added that the office had forwarded Plaintiff's correspondence to the appropriate division. (*Id.*).  Plaintiff asserts that the AG's Office's letter failed to "refer[] Plaintiff to the established operating projects and programs to protect Plaintiff (Nevadans) from fraud or illegal activities that target consumers, etc., etc., as set forth on Nevada Attorney General web-site [sic]…" (*Id.* at 7).  Plaintiff alleges that the AG's Office has failed in its mission to protect Nevadans from fraud because it did not follow up with Plaintiff or point him to specific programs. (*See generally*, *id.*).

Plaintiff's complaint attempts to sue an immune defendant.  "[T]he attorney general and attorneys in the attorney general's office are absolutely immune 'for conduct during performance of official duties.'" *Hunter v. Harris*, 667 Fed.Appx. 269 (9th Cir. June 23, 2016) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001)).  Plaintiff's complaint describes the AG's Office performing its official duties.  Plaintiff has described the AG's Office sending him two letters regarding his complaint, one providing him alternative options, and the other informing him that the AG's Office lacked the jurisdiction to help him.  While Plaintiff wished that the AG's Office would help him more, the letters the office provided were entirely within the office's official duties.  The AG's Office is thus immune from Plaintiff's allegations.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **October 6, 2022** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: September 6, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE